IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| La'Quan D. Bryan, | ) | Civil Action No. 1:18-cv-2892-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Charles Williams, Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 69) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R, and the Complaint is dismissed without prejudice.

**I. Background**

On October 25, 2018, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Plaintiff alleges various claims related to his treatment while incarcerated. (*Id.*) On December 5 and 7, 2018, the Magistrate Judge issued orders regarding deadlines and denying Plaintiff's motion for injunctive relief. (Dkt. Nos. 37, 40.) The orders were mailed to Plaintiff's address of record at the time at the McCormick Correctional Institution. The orders were ultimately forwarded to Perry Correctional Institution, where Plaintiff was previously transferred, and Lee Correctional Institution, where it appears Plaintiff is currently housed. (Dkt. Nos. 67, 68.) However, both of those orders were returned as undeliverable. (*Id.*) Furthermore, Plaintiff was previously ordered to keep the Court advised of any change of address, yet has not provided any updated address. (Dkt. No. 7.) Plaintiff has not filed anything with this Court since December 10,

1

2018. (Dkt. Nos. 44, 45.) Therefore, the Magistrate Judge issued a Report and Recommendation recommending dismissal for failure to prosecute. (Dkt. No. 69.) Plaintiff has not filed objections.

## II. Legal Standard

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R to which Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198,

200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

**III. Discussion**

The Plaintiff has not provided an updated mailing address and has not responded to any motions or orders since, at the latest, December 10, 2018. Plaintiff's failure to update his mailing address and the Court's lack of any ability to contact Plaintiff indicates an intent not to prosecute this case and the Complaint is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss the Complaint for failure to prosecute. However, the Court determines that dismissal without prejudice is appropriate.

**IV. Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge (Dkt. No. 69), and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 13, 2019
Charleston, South Carolina